UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELLY J. SCHMIDT<br><br>Plaintiff,<br><br>-v-<br><br>REGIONAL RECOVERY SERVICES, INC.<br><br><br>Defendant. | CASE NO.: 2:19-cv-00355<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Kelly Schmidt, for her complaint against Regional Recovery Services, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Indiana.

1

PARTIES

4. Plaintiff, Kelly J. Schmidt ("Ms. Schmidt"), is a natural adult person residing in Lowell, Indiana, which lies within the Northern District of Indiana.

5. Ms. Schmidt is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Ms. Schmidt is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Regional Recovery Services, Inc. is an Indiana corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. On or around September 17, 2019, Ms. Schmidt checked her credit and observed an entry bearing Defendant's name reporting in collections for *URO Surgery Assoc LLC* for $1,014.00, account number 1073463 (the "Subject Debt"). Relevant pages from Ms. Schmidt's Experian credit report, dated September 17, 2019, are attached to this complaint as Exhibit A.

13. On the credit report Ms. Schmidt noted that Defendant's entry that was last updated on September 12, 2019 and the Subject Debt will be removed from Ms. Schmidt's credit report in October 2019. *See* Exhibit A.

14. Upon information and belief, the Subject Debt is from on or before October 2012.

15. On or around September 17, 2019, Ms. Schmidt accessed Defendant's online portal to acquire further information and details about the Subject Debt (the "Portal"). Relevant pages from the Portal, dated September 17, 2019, are attached to this complaint as Exhibit B.

16. On the Portal, Defendant stated:

> "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."  *See* Exhibit B.

17. Defendant's Portal subsequently directed Plaintiff to the "Please select a Payment Method" for payment of the Subject Debt. *See* Exhibit B.

18. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues."  *See* I.C. § 34-11-2-9.

19. Thus, given the applicable three (6) year statute of limitations and the fact that the Subject Debt has been delinquent since on or around October 2012, as of September 17, 2019, the date Plaintiff accessed the Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

20. The Portal gave the false impression that Defendant could still a lawsuit to collect upon the Subject Debt. As Defendant did not provide a time-barred debt disclosure, Plaintiff was completely unaware of her rights and potential legal consequences of paying, agreeing to pay or even acknowledging the Subject Debt as valid.

21. After a reasonable time to conduct discovery, Ms. Schmidt believes she can prove that all actions taken by Defendant as described herein were taken willfully and with knowledge that Defendant's actions were taken in violation of the law.

## DAMAGES

22. Ms. Schmidt was misled by Defendant's collections actions, both on the Portal and in Defendant's credit reporting on the Subject Debt.

23. Ms. Schmidt justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

24. Due to Defendant's conduct, Ms. Schmidt was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. After a reasonable time to conduct discovery, Ms. Schmidt believes she can demonstrate that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

26. Due to Defendant's conduct, Ms. Schmidt is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(8), e(10) and f*

27. All prior paragraphs are incorporated into this count by reference.

28. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the

> following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (8) Communicating or threatening to communicate any personal credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f on the Portal. The Portal was unfair, deceptive and misleading because it: (i) created the false impression that Defendant still has the ability to take legal action on the Subject Debt, when it in fact did not; (ii) mischaracterized the legal status of the Subject Debt; and (iii) failed to advise Plaintiff of the potential legal consequences of arranging or making any payment towards the Subject Debt.

30. At all times relevant to this complaint, Defendant knew that the applicable statute of limitations to collect the Subject Debt had terminated, yet Defendant failed to provide a complete and accurate disclosure of the same to Plaintiff.

31. As an experienced debt collection agency, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to misled of deceive.

32. As set forth in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kelly J. Schmidt, respectfully requests that this Court enter judgment in her favor as follows:

A.  Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

B.  Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C.  Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E.  Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 20th day of September, 2019.                Respectfully Submitted,

                                                                */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                         */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC